IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Cathy T. Moore, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 9:19-cv-394-BHH |
| Columbia Sussex Management, LLC d/b/a Hilton Head Marriott Resorts & Spa, Columbia Sussex Corporation and Columbia Properties Hilton Head, LLC, | ) **ORDER** |
|         Defendants. | ) |

Defendant Columbia Sussex Management, LLC, on behalf of itself and Defendants Columbia Sussex Corporation and Columbia Properties Hilton Head, LLC, ("Defendants") filed a motion for summary judgment, which Plaintiff Cathy T. Moore ("Moore" or "Plaintiff") opposes, and the matter is ripe for review. For the following reasons, the Court finds no genuine issue of material fact as to Plaintiff's claims, and the Court grants Defendants' motion for summary judgment.

## BACKGROUND

Plaintiff initially filed this action in the Beaufort County Court of Common Pleas on January 4, 2019, alleging that on January 15, 2016, she "slipped and fell on a foreign substance causing her to suffer severe and permanent injuries" to her shoulder, foot, and other parts of her body, while walking in the vestibule of Defendants' hotel. (ECF No. 1-1 ¶¶ 7, 9-10.) On February 11, 2019, Defendants removed the action to this Court.

On October 9, 2020, Defendants filed the instant motion for summary judgment, asserting that Plaintiff has failed to establish the existence of a dangerous or defective

condition on the premises that would not be open and obvious or a known and expected condition. In support, Defendants point to Plaintiff's testimony that she knew it was raining on January 15, 2016, and was aware of the common occurrence of tracked-in rainwater during rainy conditions. Defendants assert that Plaintiff has failed to present evidence showing that Defendants knew or should have known of the alleged dangerous or defective condition, or alternatively, that Defendants did not breach any duty of care because warning signs were in place at the time of Plaintiff's fall.

Plaintiff opposes Defendants' motion and asserts that the record contains sufficient evidence to create a genuine issue of material fact as to (1) whether Defendants had notice of the hazardous condition, (2) whether the wet floor was not open and obvious, and even if it was, whether Defendants should have anticipated the risk, and (3) whether Defendants breached their duty to exercise reasonable care..

## STANDARD OF REVIEW

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

"It has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer[s] but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Pennington v. Zayre Corp.*, 252 S.C. 176, 178, 165 S.E.2d 695, 696 (1969); *see also Denton v. Winn-Dixie Greenville, Inc.*, 312 S.C. 119, 120, 439 S.E.2d 292, 293 (S.C. Ct. App. 1993) (explaining that a merchant "is not required to maintain the premises in such condition that no accident could happen to a patron using them") (citations omitted). For a plaintiff "[t]o recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises," she must show: "(1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001) (citations omitted). When a case involves a foreign substance, "the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." *Id.* A premises owner is not expected to "take actions to prevent or minimize the foreseeable risk of a foreign substance ending up on its floor." *Hackworth v. United States*, 366 F. Supp. 2d 326, 329 (D.S.C. 2005); *see also Simmons v. Winn-Dixie Greenville, Inc.*, 318 S.C. 310, 457 S.E.2d 608 (1995) (declining to adopt a "foreseeability" rule in foreign substance cases and implicitly rejecting a "duty to prevent" rule).

Here, Plaintiff does not assert that Defendants created the dangerous condition; rather, Plaintiff asserts that there is a genuine issue of material fact "as to whether the

presence of rainwater in the vestibule and entryways of Defendants' premises was a recurring condition such that Defendants would have been placed on constructive notice." (ECF No. 35 at 6.) Specifically, Plaintiff points to the deposition testimony of Defendants' employee, Bradley Ingalls, who indicated that he knew water would be brought into the hotel when it rained and that he and housekeeping would try to keep the entryways dry when it rained. (*Id.* at 6-8 (citing ECF No. 35-3).) Plaintiff further argues that even without any evidence to show that rainwater in the vestibule was a recurring condition, a reasonable jury could determine that Defendants had constructive notice of the rainwater in the vestibule based on how long the floor had been wet, citing Ingalls' testimony that the vestibule floor was 60 to 70 percent covered by water when Plaintiff fell, and arguing that "it likely took a substantial amount of time for enough rainwater to accumulate to cover 70 percent of the enclosed vestibule's surface." (*Id.*)

After review, the Court is not convinced by Plaintiff's arguments. Stated simply, Plaintiff has not offered sufficient evidence to create a genuine issue of material fact as to whether Defendants had actual or constructive notice of rainwater on the floor of the vestibule when Plaintiff fell. First, according to the testimony of Ingalls, Defendants did not have actual notice of the dangerous condition because it had not been reported by anyone and had not caused any other incidents on the day in question. Second, with respect to constructive notice, the evidence does not indicate that tracked-in rainwater was a recurring condition in the specific area where Plaintiff fell, which was a side entrance. Moreover, Plaintiff points to no evidence, other than pure speculation, to otherwise establish the amount of time the water was on the floor prior to Plaintiff's fall. *See Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.E.2d 627, 629 (1969) (explaining that a jury

4

"should not be permitted to speculate" how long a condition existed "so as to infer that defendant was negligent in failing to detect and remove it"). Accordingly, the Court agrees with Defendants that Plaintiff's claim fails to satisfy *Wintersteen*.

Next, however, even assuming that Defendants did have constructive notice of rainwater in the vestibule, the Court notes that "under South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers." *Hackworth v. United States*, 366 F. Supp. 2d 326, 330 (D.S.C. 2005). Instead, "guests themselves have a duty to discover and avoid the danger." *Id.*

In response to Defendants' motion, Plaintiff argues that there is a genuine issue of material fact as to whether the rainwater in the vestibule was an open and obvious danger. In support, Plaintiff points to her testimony that she did not see visible water on the floor prior to falling, as well as Patrick Burns' testimony that he did not recall seeing any water on the floor in the vestibule area and Ingalls' testimony describing the area as not having puddles but being very wet. (ECF No. 35 (citing ECF Nos. 35-1, 35-2, and 35-3).) Additionally, Plaintiff argues that even if the wet floor was open and obvious, Defendants can be liable for breaching their duty to make reasonable efforts to eliminate or warn of the condition.

After review, the Court finds that the evidence of record does not create a genuine issue of material fact as to whether the rainwater was an open and obvious condition. In other words, the Court finds the particular circumstances of the instant case sufficiently similar to those in *Hackworth v. United States*, 366 F. Supp. 2d 326 (D.S.C. 2005), and *Lucas v. Sysco Columbia LLC*, No. 3:13-2883, 2014 WL 4976509 (D.S.C. Oct. 3, 2014),

5

for the Court to conclude as a matter of law that the rainwater on the floor was an open and obvious danger about which Defendants had no duty to warn.

In *Hackworth*, the court found "that given Hackworth's knowledge of the rainy conditions, the close attention Hackworth says she was paying to the floor, and the fact that a three-foot wide puddle could not be entirely obstructed by overhead lights, the Government had no duty to warn." 366 F. Supp. 2d at 331. Similarly, in *Lucas v. Sysco Columbia LLC*, the court found that South Carolina law did not impose a duty to warn where Lucas "testified at length in her deposition about the terrible weather conditions and the fact that it was 'pouring' and 'blowing' as she made her way into the store," and that "the floor where she fell was 'solid water.'" *Lucas*, No. 3:13-2883, 2014 WL 4976509, *5 (D.S.C. Oct. 3, 2014); *see also Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 510, 343 S.E.2d 636, 638 (S.C. Ct. App. 1986) ("Since it is impossible to keep commercial premises entirely free of tracked-in rain during bad weather, a merchant's liability may not be based solely on the presence of moisture.").

Here, although Plaintiff was inside the hotel for some time prior to her fall, the fall occurred at a side entrance to the hotel, and Plaintiff testified that she knew it was raining at the time and could see the conditions outside through the glass when she fell. In fact, Plaintiff testified that she was opening the door to meet children "so they didn't get soaking wet," further demonstrating her awareness of the inclement weather conditions. (ECF No. 35-1 at 9.) Plaintiff also testified that she knew it was a common experience for water to be tracked inside businesses on rainy days. (ECF No. 30-2 at 13.) Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the floor's wet condition was an obvious, easily discoverable danger.

Finally, to the extent Plaintiff argues that there is a genuine issue of material fact as to whether Defendants breached their duty to exercise reasonable care to eliminate or warn of the water on the floor, the Court is not convinced. First, the Court finds Plaintiff's reliance on federal Occupational Safety and Health Standards unavailing. Second, the Court notes that the record contains no evidence or testimony specifically disputing the presence of a wet floor sign.[1] Third, South Carolina law does not impose a duty on merchants to place mats near entrances during inclement weather. *See Lucas*, 2014 WL 4976509, *5 ("While the Court believes it is a sound practice to place mats on the floor of an establishment during inclement weather to avoid accidents such as this, South Carolina law does not impose such a duty."). As such, the Court finds that none of Plaintiff's arguments overcome Defendants' motion for summary judgment.

## CONCLUSION

Based on the foregoing, the Court grants Defendants' motion for summary judgment (ECF No. 30).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 26, 2021
Charleston, South Carolina

---

[1] Plaintiff testified that she did not *see* a wet floor sign, not that one was not present.